O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

Case No. SA CV 08-226 DOC (MLGx)                                Date: October 29, 2008

Title: SERJIK HATAMI V. KIA MOTORS AMERICA, INC. AND KIA MOTORS CORPORATION

---

DOCKET ENTRY
     [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                                                                                Date:_____   Deputy Clerk:_____

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kristee Hopkins | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| NONE PRESENT | NONE PRESENT |

PROCEEDING (IN CHAMBERS):   GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION AND DENYING DEFENDANT'S MOTION TO QUASH SERVICE OF SUMMONS AND FIRST AMENDED COMPLAINT

        Before the Court is Defendant Kia Motors Corporation's ("Defendant") Motion for Reconsideration Regarding Defendant's prior Motion to Quash Service of Summons and First Amended Complaint.  The Court finds the matter appropriate for decision without oral argument.  FED. R. CIV. P. 78; Local R. 7-15.  After considering oral argument, the Court hereby GRANTS Defendant's Motion for Reconsideration.  After considering the moving, opposing and replying papers concerning Defendant's Motion to Quash Service of Summons and First Amended Complaint (the "Motion to Quash Service"), and for the reasons set forth below, the Court hereby DENIES the Motion to Quash Service.

## I.  BACKGROUND

On February 15, 2008, Plaintiff Serjik Hatami ("Plaintiff") filed the Complaint in this action, alleging that Kia Motors America, Inc. ("KMA") had breached express and implied warranties under the Magnuson-Moss and Song-Beverly Consumer Warranty Acts.  Plaintiff filed his First Amended Complaint on July 10, 2008, adding Kia Motors Corporation ("KMC") as an additional defendant.

Plaintiff alleges that substitute service of process was performed on July 14, 2008, at 12:45 pm, at KMA in Irvine, California.  Plaintiff alleges that because KMA's President, Byung Mo Ahn, refused to come to the front desk, Plaintiff's counsel left the Summons and First Amended Complaint at the KMA reception desk.  Pl's. Opp to Mot. 1:21 - 1:24.  Plaintiff then mailed the Summons and First Amended Complaint to KMC's Irvine, California office, as required by Cal. Code Civ. Proc. §415.20(a).  Thereafter, Defendant brought the Motion to Quash Service, arguing that Plaintiff's service on KMC was defective for the reasons outlined below.

## II.  LEGAL STANDARD

### A. Service of Process

Under Federal Rule of Civil Procedure ("FRCP") 12(b)(5), a Court may dismiss a complaint where process or service of process is insufficient.  The requirements for service of process are set out in FRCP 4.  According to FRCP 4(h)(1), where service is made in the U.S., service of process upon a corporation may be effectuated in any manner prescribed by state law.  "[T]he statutory provisions regarding service of process should be 'liberally construed to effectuate service and uphold the jurisdiction of the court if actual notice has been received by the defendant, and in the last analysis the question of service should be resolved by considering each situation from a practical standpoint.'"  *Dill v. Berquist Construction Co.*, 24 Cal. App. 4th 1426, 1436-37 (1994)(citing *Pasadena Medi-Center Associates v. Superior Court,* 9 Cal.3d 773,77 (1973)).

Under Cal. Code Civ. Proc. § 416.10, service on a corporation is generally effectuated by delivering a copy of the summons and complaint to:

> "(a) [] the person designated as agent for service of process..., [or] (b) [] the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process."

Substituted service may be effected in lieu of personal service in the following manner:  "...a summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her

office ... with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first- class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left." Cal. Code Civ. Proc. §415.20(a). Foreign defendants *with no in-state agents* are also subject to any additional requirements contained in the Convention of the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Service Convention"). Cal. Code Civ. Proc. §413.10(c); *Wolkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707, 108 S.Ct. 2104 (1988)(emphasis supplied)("Where service on a domestic agent is valid and complete under both state law and the Due Process Clause, our inquiry ends and the Convention has no further implications.").

## III. DISCUSSION

Defendants seek a declaration that service was defective due to the facts that (1) Byung Mo Ahn ("Ahn") is not the general manager for KMC and, as such, is not able to receive substitute service for KMC and (2) the Plaintiff failed to comply with the requirements of the Hague Service Convention in attempting to serve KMC. During oral argument on October 27, 2008, Defendant stated that it was dropping its original, additional arguments that service was ineffective due to the fact that the Summons and Complaint were (1) allegedly left at KMA after "business hours" at a security guard station, (2) improperly addressed, and (3) the fact that KMC received the unsigned copy, rather than the signed copy, of the Summons.

### A. Plaintiff Properly Used Substitute Service to Serve KMC

In cases involving allegations of ineffective service of process, the plaintiff bears the burden of proving "the facts requisite to an effective service." *Summers v. McClanahan,* 140 Cal.App.4th 403, 413 (2006). Plaintiff has met this burden. As noted above, service on a corporation may be effected by serving the general manager of the corporation. Cal. Code Civ. Proc. § 416.10(b). It is undisputed that KMA's President was served in order to effectuate service against KMA. This Court finds that KMA was also properly served in order to effectuate service against KMC, as KMA is the general manager of KMC *for purposes of service of process*.

California has adopted a very broad definition of the term "general manager" for purposes of service of process, finding it to include the domestic sales representative(s) and local distributor(s) of a foreign corporation. *See, e.g. Cosper v. Smith & Wesson Arms Co.*, 53 Cal.2d 77, 83-84 (1959); *Sims v. Nat'l Engineering Co.*, 221 Cal. App. 2d 511, 515 (1963); *Gray v. Mazda Motor of America*, Inc., 560 F.Supp.2d 928, 930 (C.D. Cal. 2008). The underlying rationale for this broad interpretation of the term "general manager" was articulated in *Cosper*: "[E]very object of the service is obtained when the agent served is of sufficient character and rank to make it reasonably certain that the defendant will be apprised of the service made," and by service on such an agent, "the requirement of the statute is answered." *Cosper, supra*, at 83 (citing *Eclipse Fuel Eng. Co. v. Superior Court*, 148 Cal.App.2d 736, 746 (1957)).

Because undisputed facts indicate that KMA is the "U.S. distributor of automobiles that are designed and/or manufactured by [KMC]," Anderson Decl., ¶¶ 2-4, KMA is KMC's "general manager" for purposes of Cal. Code Civ. Proc. §413.10(b).  This is bolstered by the fact that KMC was apprised of the service made in July of 2008.

### B. The Hague Service Convention is Inapplicable

KMC argues that it was not properly served as the requirements of the Hague Service Convention were not complied with it.  Both the United States and the Republic of Korea ("Korea") are signatories to the Hague Service Convention. Convention of the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361-367, T.I.A.S. 6638.  Under the Hague Service Convention, each signatory country must create and designate a "Central Authority" to process requests from abroad for service on its citizens.  *Id*. at art. 2-6.  Korea has designated its Ministry of Court Administration as its Central Authority.  Def.'s Mot 10:2 - 10:7.

However, the Hague Convention only applies when service must be effectuated abroad. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988)("Where service on a domestic agent is valid and complete under both state law and the Due Process Clause, our inquiry ends and the [Hague] Convention has no further implications.").  As outlined above, service on KMC was properly effectuated within the U.S. in July of 2008, through the service of KMA.

## IV. OUTCOME

As stated in the opening paragraph, Defendant's Motion for Reconsideration was GRANTED during oral argument on October 27, 2008.  For the foregoing reasons, Defendant's Motion to Quash Service of Summons and First Amended Complaint is DENIED.