# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

O

Case No. SACV 08-226 DOC (MLGx)                                Date: April 14, 2011

Title: SERJIK HATAMI v. KIA MOTORS AMERICA, INC.

PRESENT:

#### THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

| NONE PRESENT | NONE PRESENT |
|---|---|

PROCEEDING (IN CHAMBERS):       DENYING MOTION TO ENFORCE SETTLEMENT

     The Court is in receipt of Plaintiff Serjik Hatami's ("Plaintiff") Motion to Enforce Settlement in the above-captioned case ("Motion") (Docket 138).  The Court finds this matter appropriate for decision without oral argument.  Fed.R.Civ. P. 78; Local Rule 7-15.  After considering the moving, opposing and replying papers, and for the reasons stated below, the Court DENIES the Motion.

## I.     BACKGROUND

     This is an automobile lemon law action.  On November 19, 2010, Plaintiff's counsel wrote to Defendant's counsel offering to settle this action.  A series of communications followed, wherein both parties expressed interest in settlement.  A dispute arose, however, when Plaintiff's counsel refused to sign a stipulation for dismissal of the case as part of the settlement agreement. According to Defendant, a signed stipulation for dismissal is a material term of the settlement.  Plaintiff claims that he has repeatedly agreed to sign a stipulation for dismissal after the settlement agreement is executed and that including a stipulation for dismissal as part of the settlement agreement would rob the Court of jurisdiction to resolve Plaintiff's upcoming motion for attorneys fees.

     Plaintiff brings the instant Motion to enforce the settlement agreement allegedly entered into between Plaintiff and Defendant, which, according to Plaintiff, did not require him to stipulate to a dismissal of the case simultaneous to the filing of the settlement agreement.

## II.   LEGAL STANDARD

A district court has equitable powers to summarily enforce a settlement reached by the parties in a case pending before it.  *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987).  However, only a complete agreement is enforceable.  *Id.*  The Court must refer to principles of contract formation to determine whether a settlement agreement exists.  *Dillard v. Starcon Int'l, Inc.*, 483 F.3d 502, 506 (7th Cir. 2007) (settlement of federal claim enforced "just like any other contract"); *Pyle v. Wolf Corp.*, 354 F. Supp. 346, 352 (D. Ore. 1972).  In the absence of a signed agreement, courts consider four factors in determining whether the parties intended to be bound to a settlement agreement:

> (1) whether there has been an express reservation of the right not to be bound in the absence of a signed writing; (2) whether there has been partial performance of the contract; (3) whether all of the terms of the alleged contract have been agreed upon; and (4) whether the agreement at issue is the type of contract that is usually committed to writing.

*Ciaramella v. Reader's Digest Ass'n, Inc.*, 131 F.3d 320, 323 (2d Cir. 1997).

## III.   DISCUSSION

The Court cannot enforce a purported settlement agreement unless all of the terms of that agreement have been agreed to by both parties.  *Callie*, 829 F.2d at 890; *see also United States v. Ward Baking Co.*, 376 U.S. 327, 334 (U.S. 1964) ("The District court may not enter a 'consent' judgment without the actual consent of the" parties.).  Here, there has not been an agreement as to a material term of the agreement: whether a stipulation for dismissal will be included as part of the settlement agreement.  *See* Decl. of J. Senior, ¶¶ 2-5.

In its Conditional Opposition, Defendant states that it would be willing to stipulate to allow the Court to retain jurisdiction to rule on whether Plaintiff's counsel is entitled to fees.  Such a stipulation would appear to assuage Plaintiff's concerns regarding the Court's power to resolve the issue of attorneys fees.  *See In re Austrian & German Bank Holocaust Litig.*, 317 F.3d 91, 98 (2d Cir. 2003).  The Court, however, will not assume that a settlement has been reached on these terms unless and until the parties inform the Court that that has occurred.

Plaintiff's Motion must be denied.

## IV.   DISPOSITION

For the reasons stated above, Plaintiff's Motion is DENIED.

The Clerk shall serve this minute order on all parties to the action.